**Anthony John ANTONIOUS, Plaintiff–Appellant,**

and

**Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P., Sanctioned Party,**

v.

**SPALDING & EVENFLO COMPA- NIES, INC. and Spalding Sports Worldwide, Defendants–Cross Appel- lants.**

Anthony John Antonious, Plaintiff,

and

Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P., Sanctioned Party–Appellant,

v.

Spalding & Evenflo Companies, Inc. and Spalding Sports Worldwide, Defendants–Appellees.

No. 01–1064, 01–1065, 01–1088.

United States Court of Appeals, Federal Circuit.

DECIDED: May 7, 2001.

Before LOURIE, BRYSON, and GAJARSA, Circuit Judges.

ON MOTION

LOURIE, Circuit Judge.

ORDER

Spalding & Evenflo Companies, Inc. et al. move to voluntarily dismiss their appeal (appeal no. 01–1065). Anthony John Antonious (Antonious) and Finnegan, Henderson, Farabow, Garrett and Dunner, LLP, (Finnegan) oppose in part. Spalding replies.

In trial court proceedings, the district court granted, in part, Spalding's motion for sanctions. Spalding sought sanctions against Antonious and Finnegan (the law firm representing Antonious) for filing a frivolous complaint. On September 28, 2000, the district court sanctioned Finnegan but not Antonious. Antonious filed appeal no. 01–1064, and Spalding filed appeal no. 01–1065, on October 30, 2000. Finnegan filed an appeal on November 13, 2000. Although Finnegan's appeal was not filed within 30 days of the appealed order, it was filed within 14 days of another party's appeal, and thus was timely filed in accordance with Fed. R.App. P. 4(a)(3) ("If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later").

In its brief in these appeals, Spalding argues that Antonious cannot appeal because he is not aggrieved by the judgment. Spalding further argues that when Antonious's appeal is dismissed and Spalding's appeal is withdrawn, Finnegan's appeal becomes untimely because it was not filed within 30 days of the judgment. Spalding argues that Fed. R.App. P. 4(a)(3) does not apply because Antonious's appeal was not a proper appeal and thus Finnegan cannot rely on the date of filing of that appeal to obtain the additional 14 days permitted by that rule. However, Finnegan's appeal was filed within 14 days of Spalding's appeal (which was the first proper appeal, filed on October 30, 2000). Spalding cannot, ex post facto, make Finnegan's appeal untimely by withdrawing its appeal. Finnegan's appeal was timely filed when it

was filed, on November 13, 2000, pursuant to Fed. R.App. P. 4(a)(3).[*]

Accordingly,

IT IS ORDERED THAT:

(1) Spalding's motion to withdraw appeal no. 01–1065 is granted.

(2) Appeal no. 01–1064 is dismissed because Antonious was not adversely affected by the appealed order.

(3) Because this order involves issues discussed in Spalding's brief, including the timeliness of Finnegan's appeal (appeal no. 01–1088), a copy of this order shall be transmitted to the merits panel assigned to hear appeal no. 01–1088.

(4) The revised official caption in appeal no. 01–1088 is reflected above.

(5) Finnegan's reply brief is due within 14 days of the date of filing of this order.

---

[*] Thus, we need not address Finnegan's alternative argument, that Antonious's appeal be

construed as also including Finnegan as an appellant.